*497 The opinion of the Court was delivered by
Gibson J.
It did not require the preliminary evidence of the witness, on his voire dire, to get rid of the exception to . his competency. The maxim, that a person alleging his own turpitude is not to be heard, does not apply to witnesses. r ’ r{ J . , Approvers and accomplices, are constantly witnesses, although they inevitably implicate themselves in the guilt they are called to fix on the accused ; and their avowed participation in moral turpitude goes, not to their competency, but their credibility. In civil actions, the principle is the same-. A witness to the execution of a will may be received to prove the insanity of the testator, at the time of signing. Wright, dem. Clymer v. Little, 3 Burr.1244. Lowe v. Joliffe, 1 Bl. Rep. 365. The attesting a will, under such circumstances, certainly involves the witness in as great dishonesty as can fairly be imputed to a man voluntarily appearing to disprove a title he had conveyed. But the very case was decided in Title v. Grevett, 2 Ld. Raytn. 1008. In fact, the doctrine of estoppel has never been applied to witnesses, except in the solitary instance of a person putting his name to a negotiable instrument, and thereby giving it credit with the public. Although the eminent Judge, to whom that rule owes its existence, professed to found it, as well on the civil law maxim, as the protection of negotiable papers, yet the latter is the ground on which it is sustained in Pennsylvania, and those states in which it is still retained, and accordingly we find it restrained to securities strictly negotiable. In England it is exploded altogether. In transactions strictly mercantile, where credit performs the office of money, there is sound reason for protecting paper, that approaches very near to a circulating medium ; but the protection ceases with the reason on which it is founded. Undoubtedly, a witness voluntarily appearing in a court of justice to attest facts, that at once evince his turpitude and destroy his credit, is a sad and disgusting spectacle ; yet I do not know, that on that account merely, a party ought to be deprived of the benefit of his testimony, when the interests of justice may be subserved by it.
With respect to the second point, even if it were the subject of error, I am of opinion the Court below were right. Whether or not, in buying in the land, Shortis were the agent of Kornegy, was totally immaterial. His getting rid of the objection to his competency, even if well founded in the first *498 instance, did not depend on the establishing of an agency under Kornegy. The witness was admitted to prove he purchased as a trustee for Kornegy, and with his assent ;• and that although by his deed he transferred the legal title, yet, that he never had a beneficiary interest in the land. But as Shortis was unquestionably a witness, without the aid of the matters disclosed on his voire dire, no errors the Court might have committed, in the course of a preliminary examination, totally unnecessary to his admission, and therefore irrelevant, could be assigned here, because those errors could prejudice no one. A judgment will not be reversed because the Court gave an erroneous instruction to the jury on an immaterial point. Murrel v. Johnson’s administrator, 1 Hen. & Munf. 451; nor for admitting illegal evidence, unless the plaintiff in error could possibly have received some injury from it; as where incompetent evidence of a fact has been admitted, but the same fact has been conclusively proved by a verdict and judgment between the same parties, in which the fact was litigated and put in issue. Preston v. Harvey, 2 Hen. & Munf 55. Here the inquiry of the witness having purchased as an agent or trustee, was altogether unnecessary to the decision of the question of competency; and, therefore, if it had been conducted erroneously, the rule would apply. Was Shortis, at all events, a witness ? If he was, the plaintiff in error cannot complain of the manner of his admission.
Judgment affirmed.